```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JUDY AKERS, individually,
and as Administrator of the
ESTATE OF WALTER AKERS, deceased,

      Plaintiffs,

v.                         Civil Action No. 2:12-cv-0667

MINNESOTA LIFE INSURANCE CO. and
ALPHA NATURAL RESOURCES, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion by defendant Alpha Natural Resources, LLC ("Alpha") for leave to amend its cross-claim against Minnesota Life Insurance Company ("Minnesota Life"), filed November 28, 2012. Minnesota Life responded in opposition on December 14, 2012. For reasons explained herein, the court grants the motion.

### I. Background

Judy Akers ("Ms. Akers") is the surviving spouse of Walter Akers ("Mr. Akers") as well as the court appointed administrator of Mr. Akers' estate. She brings this action as

beneficiary of Mr. Akers' Life and Accidental Death and Disability Plan (the "Plan") to recover payment of Supplemental Life Coverage. She additionally alleges state law claims arising from the nonpayment of Plan benefits. Alpha was Mr. Akers' employer and is the Plan Sponsor. Alpha obtained a group insurance policy (the "Policy") from Minnesota Life to provide coverage for benefits under the Plan, effective June 1, 2005.

Mr. Akers became an employee of Nicewonder Contracting, Inc. ("Nicewonder") in 2005. Alpha later acquired Nicewonder, and in 2007 Nicewonder adopted Alpha's employee benefits plan. Mr. Akers obtained Basic Life Coverage and Accidental Death & Dismemberment ("AD&D") Coverage effective October 1, 2007, and Supplemental Life Coverage effective November 1, 2007. Alpha paid the full premium for Mr. Akers' Basic Life Coverage and AD&D Coverage. Using a payroll deduction, Alpha also remitted to Minnesota Life the premium for Mr. Akers' Supplemental Life Coverage. Each policy provided $274,000 in potential benefits to Mr. Akers, for a total coverage of $822,000.

On May 22, 2010, Mr. Akers was severely injured in a fall at his home. Alpha retained him on its payroll and continued to pay him full wages. From May 22, 2010 through

December 31, 2010, Alpha continued to pay or remit to Minnesota Life the full premiums for Mr. Akers' three life insurance policies.  Minnesota Life never refunded premiums paid for Mr. Akers during the period from May 22, 2010 through December 31, 2010.  Mot. Amend Ex 1.

Alpha found a new insurance provider and terminated the Policy effective December 31, 2010.  Central to this dispute is whether Minnesota Life was obligated to extend to Alpha's employees a conversion privilege, by which employees could continue their coverage.  Minnesota Life, following multiple internal and external communications whose discovery precipitated Alpha's need for the proposed amendment, determined that no conversion privilege applied.

Mr. Akers died on January 25, 2011 at the age of 63. Ms. Akers made a claim to Minnesota Life for benefits under the three coverages.  In a May 10, 2011 letter, Minnesota Life denied Ms. Akers' claim for benefits.  Mot. Amend Ex 3.  Alpha believed that the denial was erroneous and paid to Ms. Akers $548,000, the full benefits under the Basic Life Coverage and AD&D Coverage.  As memorialized in an August 10, 2011 letter, Ms. Akers in return agreed to pay to Alpha any funds which might later be recovered from Minnesota Life under those policies.

Minnesota Life represents that Alpha made the payment to Ms. Akers without notice to or a request of Minnesota Life. Opp'n Mot. Amend ¶ 6.  It further states that Alpha did not voice any opposition to the decision by Minnesota Life to deny Ms. Akers' claims.  Alpha disputes that contention and has produced a May 26, 2011 email in which its Health and Welfare Supervisor notified Minnesota Life that Alpha planned to appeal. Reply Supp. Mot. Amend Ex. 1.  The email also references a previous phone message of the same nature.  Id.

Ms. Akers initiated this action against Minnesota life in the Circuit Court of Mingo County, West Virginia on February 6, 2012, seeking to recover payment for the employee-paid Supplemental Life Coverage.  Minnesota Life removed the case to federal court on March 8, 2012.  In an April 23, 2012 order, the court bifurcated the case such that the underlying coverage issue would be decided first, with all other claims held in abeyance pending the court's ruling on the coverage issue.

On July 3, 2012, Ms. Akers filed a first amended complaint, which added Alpha as a defendant.  She filed a second amended complaint on August 15, 2012.  In response, Alpha filed an answer, counterclaim, and cross-claim on September 14, 2012.

In the original cross-claim, Alpha made claims against Minnesota Life based on contribution and indemnification.

On October 12, 2012, Alpha served discovery requests on Minnesota Life. Minnesota Life served responses on November 14, 2012. Alpha filed the pending motion two weeks later, asserting that Minnesota Life's discovery responses provided the factual basis for newly added claims. Mot. Amend 5. The new claims are 1) violations of the West Virginia Unfair Trade Practices Act, 2) common law bad faith claim pursuant to <u>Hayseeds</u>, 3) breach of contract, and 4) intentional and/or negligent misrepresentation, and 5) reasonable expectation of insurance coverage. <u>Id.</u> at 8.

Minnesota Life stresses that while the second amended complaint identifies the three coverages, Akers seeks recovery of benefits only for the Supplemental Life Coverage, not the Basic Life Coverage or the AD&D Coverage. Minnesota Life argues that the pending motion is untimely because Alpha moved to amend 1) 15 months after its payment of Basic Life Coverage and AD&D Coverage benefits to Ms. Akers and 2) after the Court has already bifurcated the insurance issue. Opp'n Mot. Amend ¶¶ 8-9. Alternatively, Minnesota Life asserts that the motion presents claims contrary to the court's bifurcation order and

should be held in abeyance pending adjudication of the insurance issue. Id. ¶¶ 12-13.

Alpha replies that Minnesota Life has not identified any reason that the motion should be deemed untimely. Respecting abeyance, Alpha asserts that Minnesota Life ignores Count V of the proposed amended cross-claim. Alpha argues that Count V's claim for "Reasonable Expectation of Insurance Coverage" must be considered with the coverage issue. Alpha further contends that Minnesota Life "fails to offer any reasoned argument, much less law" supporting the position that the cross-claim cannot be filed now.

## II. The Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. (emphasis added).

"The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The existence of prejudice to an opponent "is reason sufficient to deny amendment," and the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). There is no prejudice where a defendant "was from the outset made fully aware of the events giving rise to the action." Id. Amendment is futile if "the proposed amended complaint fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

III. Discussion

Having reviewed the pending motion and the opposition to it, the court finds that Alpha's motion for leave to amend the cross-claim satisfies Rule 15(a)'s "freely give leave" standard. None of the three exceptions to the liberal allowance of amendment arise in this case. First, the amendment will not prejudice Minnesota Life since Minnesota Life was from the

outset fully aware of the events giving rise to the amendment. This is apparent given that the amendment pertains to the central issue in this case -- Minnesota Life's determination to deny Ms. Akers' claim -- and was prompted by discovery responses that Minnesota Life provided to Alpha. Further, Alpha filed the pending motion promptly, only two weeks after Minnesota Life served the discovery requests. While Minnesota Life is correct that Ms. Akers' claims concern only the Supplemental Life Coverage, Alpha's original cross-claim sought recovery from Minnesota Life for the Basic Life Coverage and AD&D Coverage. Alpha has merely used newly discovered information from Minnesota Life to further develop an already-asserted entitlement to those funds. There is no prejudice in that.

Second, the court finds no bad faith. Minnesota Life makes no express contentions respecting bad faith, but to the extent other arguments might be relevant, they fail. The court sees no bad faith in the 15 month delay between Alpha making the payment to Ms. Akers and asserting the claims in the proposed amendment. On the contrary, the claims' basis on recent discovery and the commendable diligence with which Alpha thereafter filed the motion to amend indicate good faith.

Finally, the amendment does not fail due to futility. As with bad faith, Minnesota Life does not expressly assert a futility argument. It does, however, state that Alpha's claims might "raise preemption questions under ERISA." The argument is too cursory to be considered properly before the court at this time, and according to an accompanying footnote, Minnesota Life is satisfied to have the issue addressed during the second stage of the bifurcated litigation. The bifurcation order itself in no way suggests that the amendment would be futile or is otherwise improper.

In sum, the amendment does not prejudice Minnesota Life, is not shown to be in bad faith, and is not futile. Absent these factors, it is in the interests of justice to freely grant Alpha leave to amend its cross-claim.

## IV.

It is, accordingly, ORDERED that Alpha's motion to amend its cross-claim be, and it hereby is, granted. The Clerk is directed to file Alpha's proposed amended cross-claim, which accompanies the motion. The amended cross-claim is subject to the court's April 23, 2012 bifurcation order. Counts I, II, III, and IV are therefore held in abeyance pending resolution of

the underlying coverage issue, except to the extent the parties are able to agree otherwise.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

      ENTER:    February 7, 2013

John T. Copenhaver, Jr.
United States District Judge